**David KEATS, Individually and as Surviving Spouse of Fern Keats, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 84–CV–70723–DT.**

United States District Court, E.D. Michigan, S.D.

April 12, 1988.

Allen Ben, Birmingham, Mich., Stephen Gutman, Southfield, Mich., for plaintiff.

Jerome Busch, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington D.C., for defendant.

### ORDER DENYING COSTS AND ATTORNEY'S FEES

COHN, District Judge.

**I.**

This is an income tax refund case. Before the Court are the parties' cross motions for costs and attorney's fees under Fed.R.Civ.P. 30(g), which provides that the Court may award costs and reasonable attorney's fees incurred in attending a noticed deposition when the party giving notice fails to appear, or the witness fails to appear because of a failure to serve a subpoena.

Plaintiff's motion relates to attendance at the noticed deposition of Stuart Gorenstein on January 23, 1987 in Los Angeles, California. Gorenstein failed to appear and had not been subpoenaed.

Defendant's cross motion relates to attendance at the noticed deposition of James Gourlay, a British subject, on May 1, 1986 in London, England. Gourlay failed to appear and letters rogatory were not been obtained in advance, a necessary prerequisite to a subpoena.

Both parties have filed responses and supplemental papers. Defendant has also filed a paper styled "Motion to Submit Documents."

For the reasons which follow, both motions under Rule 30(g) and defendant's motion to submit documents are DENIED.

**II.**

**A.**

The decision of whether to impose discovery sanctions under Rule 30(g) is within

the discretion of the Court. *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 532 (9th Cir.1983).

In its initial response to plaintiff's motion, defendant argued that it did not subpoena Gorenstein because under a sentencing agreement in an unrelated criminal case, he was obligated to cooperate with the government and had also stated he would voluntarily appear. Defendant did not dispute the $2,750 requested by plaintiff.

Six months later, defendant filed a supplemental paper describing "subsequently discovered" evidence, consisting of defendant's attorney's "declaration" replete with hearsay statements, which states that Gorenstein failed to appear due to an emergency medical condition which arose the day on which the deposition was scheduled to take place. This evidence clearly could have been discovered earlier and set forth in defendant's initial response.

Even later, defendant filed a motion to submit another set of documents, including the unsworn declaration of Gorenstein, which fails to conform to the requirements of 28 U.S.C. § 1746, and another declaration of defendant's attorney merely characterizing Gorenstein's statement.

In this motion defendant, for the first time, contested the amount requested by plaintiff, something which clearly could have been done in the initial response.

In sum, defendant's later filed papers are untimely and unpersuasive and do not present a consistent explanation for Gorenstein's failure to appear.

### B.

Defendant asks for $4,780.96 as the amount incurred in attending the scheduled deposition in London. Defendant argues that plaintiff should have obtained letters rogatory compelling Gourlay's attendance. *See In re Norway's Application*, 3 W.L.R. 452 (Feb. 12, 1986).

Plaintiff responds by stating that with defendant's knowledge, he chose to rely on Gourlay's stated intention to voluntarily appear in London and that the failure to appear was due to Gourlay's New York attorney's inability to attend the deposition. Plaintiff disputes the amount asked for by defendant, arguing that its attorney spent several days in London performing legal research unrelated to attending the deposition. Plaintiff says that two days is a reasonable time to attribute to the attorney's appearance at the deposition in London.

### C.

The Court finds that defendant does not dispute that it could have served a subpoena on Gorenstein, but chose not to do so in reliance on Gorenstein's sentencing agreement and stated intention to appear voluntarily. As to plaintiff, he does not dispute that he could have obtained letters rogatory as a predicate to subpoena Gourlay, but chose not to do so in reliance on Gourlay's stated intention to appear voluntarily. Under the circumstances, it appears that each party gambled on the voluntary appearance of their witness and both followed essentially the same course of conduct.

While defendant is attempting to recover the expenses of its attorney's entire stay in London, under Rule 30(g) defendant is entitled to only those expenses incurred as a result of attending the deposition. Two days is a reasonable amount of time for this purpose.

A comparison of the amount requested by plaintiff, $2,750, and the amount reasonably attributed to defendant's expenses, approximately $3,000, suggests an insignificant difference in the claimed expenses. Considering that both parties are guilty of the same conduct *, the the Court declines to grant either party relief, leaving both to bear their own costs and attorney's fees.

SO ORDERED.

---

* Reliance on a sentencing agreement commitment and reliance on a personal assurance are functional equivalents.